**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10282 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00252-LJO-BAM-1 |
| v. | |
| MATTHEW FARON BLAIR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted August 14, 2018**
San Francisco, California

Before: O'SCANNLAIN and BEA, Circuit Judges, and STEARNS,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

Matthew Faron Blair appeals the sentence imposed following his guilty plea to assaulting a federal employee resulting in bodily injury, in violation of 18 U.S.C. § 111. We have jurisdiction under 28 U.S.C. § 1291, and we vacate Blair's sentence and remand for resentencing.

First, the district court plainly erred by applying U.S.S.G. § 2A2.2, the guideline for aggravated assault. *See United States v. Alvirez*, 831 F.3d 1115, 1121 (9th Cir. 2016) (we review for plain error when a defendant does not object to the application of a section of the Guidelines).

Blair was charged with and pleaded guilty to forcibly assaulting a federal officer or employee resulting in bodily injury. 18 U.S.C. § 111(a)-(b). The Statutory Index lists two applicable guidelines for § 111 convictions: U.S.S.G. § 2A2.4 ("Obstructing or Impeding Officers") and U.S.S.G. § 2A2.2 ("Aggravated Assault"). U.S.S.G. Statutory Index, App. A.

Section 2A2.4 applies to offenses that involve "physical contact" or the possession of a weapon. U.S.S.G. § 2A2.4(b). This guideline contains a cross-reference instructing the sentencing court to apply Section 2A2.2, rather than Section 2A2.4, "[i]f the conduct constituted aggravated assault." U.S.S.G. § 2A2.4(c).

Section 2A2.2 applies to "Aggravated Assault." "Aggravated assault" is defined as "a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) *serious bodily injury*; (C) strangling, suffocating, or attempting to strangle or suffocate; or (D) an intent to commit another felony." U.S.S.G. § 2A2.2, cmt. n.1 (emphasis added). If the victim sustained an injury, the sentencing court is required to determine which of the enhancements is appropriate based on the degree of the injury. U.S.S.G. § 2A2.2(b)(3). Relevant here, if the assault resulted in bodily injury, the defendant's offense level is increased by three points, and if the assault resulted in serious bodily injury, the defendant's offense level is increased by five points. *Id.*

Here, Blair did not use a dangerous weapon, did not engage in conduct related to strangling or suffocating, and did not assault the victim with the intent to commit another felony. Accordingly, Section 2A2.2 is applicable only if the district court found that the assault resulted in serious bodily injury. However, the district court found that the assault resulted only in bodily injury. The court made that finding when it adopted the findings and recommendations in the presentence report, enhancing Blair's sentence by three points because of a determination that the assault resulted in bodily injury. Consequently, the court found that the assault

3

resulted in bodily injury, not serious bodily injury. As a result, the cross-reference in Section 2A2.4(c) was not triggered, and the district court committed reversible procedural error when it applied Section 2A2.2.

Moreover, erroneously applying Section 2A2.2, rather than Section 2A2.4, amounts to plain error. *See United States v. Bonilla-Guizar*, 729 F.3d 1179, 1188 (9th Cir. 2013) (holding that because the district judge "incorrectly calculate[d] the Guidelines range, potentially resulting in the imposition of a greater sentence, the error affect[ed] the defendant's substantial rights and the fairness of the judicial proceedings." (internal quotation marks omitted)).

Second, the district court erred when it applied a six-level official victim enhancement, pursuant to U.S.S.G. § 3A1.2(b). As explained above, the sentencing court found that the assault resulted in bodily injury, and therefore plainly erred by applying Section 2A2.2. Because the applicable offense guideline is Section 2A2.4, the official victim adjustment does not apply here. *See* U.S.S.G. § 2A2.4, cmt. n.2 ("The base offense level incorporates the fact that the victim was a governmental officer performing official duties. Therefore, do not apply § 3A1.2 (Official Victim) unless, pursuant to subsection (c), the offense level is determined under § 2A2.2 (Aggravated Assault).").

Blair's sentence is **VACATED**. We **REMAND** for resentencing with the proper application of the § 2A2.4 guideline. *See United States v. Booker*, 543 U.S. 220, 245 (2005); *United States v. Marcia-Acosta*, 780 F.3d 1244, 1256 (9th Cir. 2015) ("Although advisory after [*Booker*], the Guidelines remain the starting point and the initial benchmark of any sentencing determination." (internal quotation marks omitted)).